# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

## TAYLOR v. THE PHILADELPHIA & READING R. Co.[*]

### (Circuit Court, E. D. Pennsylvania.   October 14, 1881.)

1. RAILROAD—RECEIVERS—AUTHORITY TO CREATE CAR TRUST—WHEN REFUSED.

   Where the net earnings of a road, which is in the hands of receivers, are amply sufficient to pay for a necessary purchase of additional rolling stock, the court will not authorize the receivers to raise money for the same by the creation of a car trust, in order to allow of the application of the income to the bondholders.

2. SAME—POWER OF THE COURT.

   Whether the granting of authority to create such a trust falls within the proper scope of the court's authority, quære.

3. SAME—OBJECT OF RECEIVERSHIP.

   The court's custody of railroad property, which has been placed in the hands of receivers, is only for the temporary preservation of the property during foreclosure proceedings, and the road should pass with as little delay as is reasonably practicable into the possession of owners who will best be able to determine how it should be managed.

Petition by the receivers of the Philadelphia & Reading Railroad Company, setting forth that the rolling stock which passed into their possession at the time of their appointment was not sufficient to transact the increased business of the road, and that they had caused to be constructed, in the shops of the company and at the shops of other parties, a number of cars and locomo-

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

tives, and had given orders for the construction of an additional number, and that they would probably find it necessary to order the construction of a still further number; that, in their judgment, it was not fair or advantageous to the creditors of the company to pay so large an amount as would be required for this increased equipment from the current earnings, thereby depriving bondholders and other creditors " of that income which is the natural source for the payment of interest on their debt;" that petitioners believed it to be for the best interests of the trusts committed to them that funds to pay for said equipment already constructed and ordered should be provided by a car trust of at least $1,000,000, according to the plan set forth in a certain agreement and lease annexed to the petition. Petitioners prayed for leave to execute said agreement and lease, and carry into effect said plan. The agreement annexed to the petition provided for a conveyance to a trustee of the rolling stock constructed or ordered, in trust, to issue 1,000 car-trust certificates, secured thereon, and redeemable at periods of from one to ten years, and to apply the money received therefrom to the payment of the cost of said equipment. By the lease annexed to the petition the trustee was to lease this rolling stock to the receivers at a rental therein provided for. The petition was referred to one of the special masters in the cause, (George M. Dallas, Esq.,) who, after hearing evidence, reported that he believed the agreement and lease to be a proper and wise means for procuring the needed rolling stock, and recommended that the prayer of the petition be granted.

*Samuel Dickson* and *Richard L. Ashhurst,* for petitioners.

*John C. Bullitt* appeared for the railroad company and for certain stock and bondholders, but did not oppose the petition.

BUTLER, D. J., (*orally.*) This is in effect an application on the part of the receivers to borrow money upon rolling stock (cars and engines) manufactured at the company's shops and elsewhere, and in process of manufacture, for the receivers. In terms, it is for the creation of a car trust, but in effect, it is for authority to make a loan, as stated.

Two questions arise in considering the application: *First,* is the matter contemplated within the scope of the court's duty and authority, as custodian of the road and other property of the company? *Second,* if it is, would it be wise to grant the application? As respects the first question, it must be borne in mind that the custody of the court is temporary, to preserve the property so long only as may afford reasonable time to the plaintiffs to prosecute their proceeding to a close, in case the company shall fail to make satisfactory arrangements to relieve itself. Whether the order asked for by the receivers or the allowance of it, falls within the proper scope of the court's authority, under the circumstance, is certainly open to doubt. I will not, however, enlarge upon this subject, for if it was not so open to doubt, I am satisfied it would not be wise to make the order.

The petitioners admit, and the testimony proves, that the net earn-

ings of the road are amply sufficient to make the purchase required; and, if necessary, these earnings should be so applied. The ground upon which the petitioners desire to borrow, instead of using such moneys, is that these moneys may be applied to payment of the bonded creditors of the company, in discharge of interest. The court esteems it wiser to allow such interest to go unpaid rather than discharge it by means of borrowing money, which may tend to mislead creditors and others, respecting the actual condition of the road and its earnings. It must be borne in mind that. the court's custody of this property is not likely to continue very much longer. The foreclosure proceeding has been running for eighteen months, and should reach its termination without unnecessary delay. The court expects it to do so. The interests of all parties involved require that the road and other property shall pass into the custody and management of owners without prolonged delay.

The modern practice, prevailing to some extent, of transferring corporate property to the custody of the courts, to be thus held and managed for an indefinite period of years, to suit the convenience of parties, (whereby general creditors are kept at bay,) I regard as a mischievous innovation. I have no doubt the petitioners are fully satisfied of the wisdom of the proceeding which they suggest, and that they are actuated by a sincere desire to promote the best interests of the road; and they have in this the approval of the present board of managers. We do not, however, agree with them, and must be governed respecting it by our own judgment. The petition is therefore disallowed.

McKennan, C. J., (*orally.*) I concur in what Judge Butler has said. The object of the proceeding whereby the property of the company was placed in charge of the court, and the character of the court's authority respecting it, we have heretofore had occasion to explain very fully. We hold the property of the railroad company to preserve it,—to keep it in its present condition while the proceedings under the bill of foreclosure are being prosecuted to their termination. I entertain considerable doubt of the authority of the court to make the order asked for, and this of itself is sufficient for me; but I agree with Judge Butler in all he has said respecting the inexpediency of making the order, even if we had authority so to do. The property should pass, with as little delay as is reasonably practicable, into the possession and control of owners who will best be able to determine how it should be managed, and what measures relating to it are most

likely to promote their interests.  To the extent that the earnings of the road are required to keep it up, in stock and equipments, and to preserve the property, the receivers have authority so to apply such earnings; but to borrow money to enable them to continue to pay interest to bondholders I consider unwise.

Petition disallowed.